IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00063-MR

| ROY LEE WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| IREDELL COUNTY DETENTION CENTER, | ) | **ORDER** |
| Defendant. | ) | |

**THIS MATTER** is before the Court on periodic review of the record and on several Letters filed by the pro se Plaintiff [Docs. 6, 7, 8, 9, 10].

The pro se Plaintiff, who appears to be a pretrial detainee at the Iredell County Detention Center (ICDC), filed a Letter in the Eastern District of North Carolina that was docketed as a civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The case was transferred to this Court on May 19, 2022. [Docs. 2, 3]. The Plaintiff did not pay the filing fee or file an Application to proceed *in forma pauperis*.

On May 19, 2022, this Court mailed the Plaintiff a Notice of Deficiency informing him that he must either pay the filing fee or file an Application to proceed *in forma pauperis* within 21 days. [Doc. 4]. The Court mailed the

Plaintiff a blank IFP Application form that same day. [Id.]. The Plaintiff was cautioned that the "[f]ailure to [comply with the Notice of Deficiency] may result in the dismissal of this action without prejudice for failure to prosecute." [Id.].

The Plaintiff has failed to comply with the Notice of Deficiency, and the time to do so has expired. Instead, the Plaintiff has filed several Letters in which he addresses various topics including: alleged violations of his constitutional rights at ICDC; the propriety of his pretrial detention; and the effectiveness of his criminal attorney's representation. [Docs. 6, 7, 8, 9, 10]. He requests, *inter alia,* the appointment of counsel, blank IFP and complaint forms, and the transfer of this action out of Iredell County.[1] [Id.].

The Court will instruct the Clerk to provide the Plaintiff with another blank IFP Application form. The Plaintiff must, within 10 days, either pay the filing fee or complete and return the IFP Application form. If he fails to do so, this action will be dismissed for lack of prosecution without further notice.[2]

The Court will also instruct the Clerk to provide the Plaintiff with a blank § 1983 form so that the Plaintiff may file an Amended Complaint should he

---

[1] The Court will not attempt to address all of the issues raised in these Letters. The Plaintiff is reminded that, if he is seeking a ruling from the Court, he must do so in a Motion rather than in a Letter. [See Doc. 5 (Order of Instructions)].

[2] If the Plaintiff timely files a completed IFP Application form, the Court will request his financial information from ICDC.

2

Case 5:22-cv-00063-MR   Document 11   Filed 06/27/22   Page 2 of 5

wish to do so. The Plaintiff is cautioned that piecemeal amendment will not be permitted. If the Plaintiff fails to file a superseding Amended Complaint within 30 days, the Court will proceed on the original Complaint. [Doc. 1].

To the extent that the Plaintiff wishes to challenge the fact or duration of his pretrial detention, such claims are not appropriately brought in this civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas and a civil rights suit pursuant to 42 U.S.C. § 1983 are mutually exclusive). Should the Plaintiff wish to challenge his state confinement, conviction, and/or sentence, he must do so in a separate civil action.[3] See generally 28 U.S.C. §§ 2241, 2254.

The Plaintiff's requests for the appointment of counsel will be denied. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and his requests are denied.

---

[3] The Court expresses no opinion about the merit or procedural viability of such an action.

3

Case 5:22-cv-00063-MR   Document 11   Filed 06/27/22   Page 3 of 5

The Plaintiff's request to transfer this action to another venue "outside Iredell County" so that he "will receive a [fair] hearing" is also denied. [Doc. 6 at 2]. The Plaintiff filed this action in the Eastern District of North Carolina, and that Court transferred the action to this District, where "a substantial part of the events took place, where the defendants may be found, and where plaintiff resided when the cause of action accrued." [Doc. 2 at 2]; 28 U.S.C. §§ 1391(b), 1406(a). The Plaintiff has failed to demonstrate that the Eastern District's transfer of the action to this Court was improper or that another transfer is warranted.

**IT IS, THEREFORE, ORDERED that**:

1. The Plaintiff **shall have ten (10) days from the date of this Order** in which to pay the filing fee or file a completed Application to proceed IFP. If the Plaintiff fails to do so, this case will be dismissed without prejudice and closed without further notice.

2. The Plaintiff may file a superseding Amended Complaint within **thirty (30) days** of this Order. If the Plaintiff fails to do so, the Court will proceed on the original Complaint [Doc. 1].

3. The Plaintiff's Letters [Docs. 6, 7, 8, 9, 10] are construed as Motions to Transfer Venue and to Appoint Counsel, and are **DENIED**. The Plaintiff is cautioned that the Court will only rule

4

on Motions, and will disregard any Letters or other miscellaneous filings in future.

The Clerk is respectfully instructed to mail the Plaintiff blank IFP, § 1983, § 2241, and § 2254 forms, a copy of the docket sheet, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: June 27, 2022

Martin Reidinger
Chief United States District Judge