IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00063-MR

| | |
|---|---|
| ROY LEE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IREDELL COUNTY DETENTION )<br>CENTER, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 17]. The Plaintiff is proceeding in forma pauperis. [Doc. 15].

## I. BACKGROUND

The pro se incarcerated Plaintiff is a pretrial detainee at the Iredell County Detention Center (ICDC) on charges of kidnapping, assault with a deadly weapon inflicting serious injury, and communicating threats. See N.C. Case No. 21CRS052963. He filed a Letter in the Eastern District of North Carolina that was docketed as a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. The case was transferred to this Court on May 19, 2022. [Docs. 2, 3]. On June 27, 2022, the Court issued an Order providing

the Plaintiff with a blank § 1983 complaint form and granting him the opportunity to file an Amended Complaint. [Doc. 11]. He did so, and the Amended Complaint is now before the Court for initial review. [Doc. 17].

He names as Defendants: "Iredell County Court System Judge(s)" and "D.A.'s Office." [Id. at 2]. He appears to assert that the charges against him are false; that he has not received a probable cause hearing; and that the Iredell County judge, the prosecutor's office, the clerk's office, and his own lawyer, have failed to explain why he has not received a probable cause hearing. [Id. at 4-5]. As injury, he claims that he is "[i]ncarcarated over lies, never no probable cause hearing, and the Judges, D.A.'s office, and attorney Sam Winthrop will not tell me why I never had a probable cause hearing (Sheriff's Department should of seen through the lies)." [Id. at 5] (errors uncorrected). In his claim for relief, he states:

> I could have proved my innocents at the probable cause hearing, but Iredell Court(s), D.A.'s office, and attorney Sam Winthrop, and Iredell County Sheriff's department have let me set incarcerated for 7 months. I'm asking for $1,000,000 for pain and suffering and charges taken off my record (1 million dollars).

[Id.] (errors uncorrected).

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to

2

dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

3

As a preliminary matter, the Amended Complaint contains allegations that are not directed to any Defendant. See Fed. R. Civ. P. 10(a) (requiring defendants to be named in the caption); Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). Accordingly, the allegations directed at non-parties are dismissed.

The Plaintiff purports to name Iredell County judges and prosecutors as Defendants. However, judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). And prosecutors are immune from suit under the doctrine of prosecutorial immunity. Imbler, 424

U.S. at 419. As such, the Plaintiff's action against these Defendants must be dismissed on this basis alone.

Even if Defendants were not immune from suit, the Plaintiff's claims appear to be barred by abstention principles. The Supreme Court held in Younger v. Harris, 401 U.S. 37 (1971), that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. Id. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Court would, therefore, abstain from addressing the Plaintiff's claims while state court criminal charges are pending against him even if he had named a Defendant against whom this action may proceed.

Moreover, the Plaintiff seeks the dismissal of his criminal charges even though he was previously informed that he may not challenge his

5

Case 5:22-cv-00063-MR   Document 18   Filed 09/07/22   Page 5 of 7

confinement, conviction, and/or sentence in this § 1983 action. [Doc. 11 at 3].

The Complaint is frivolous and fails to state a claim upon which relief can be granted and, therefore, it will be dismissed without prejudice.

## IV. CONCLUSION

In sum, the Amended Complaint has failed to pass initial review.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to demonstrate that Younger abstention does not apply, and to otherwise properly state a claim upon which relief can be granted. Any Second Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file a Second Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 17] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails

to file a Second Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 7, 2022

Martin Reidinger
Chief United States District Judge

7

Case 5:22-cv-00063-MR   Document 18   Filed 09/07/22   Page 7 of 7