# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:22-cv-00063-MR

| | |
|---|---|
| ROY LEE WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IREDELL COUNTY DETENTION ) <br> CENTER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Second Amended Complaint [Doc. 20]. A pro se Motion is also pending [Doc. 22]. The Plaintiff is proceeding in forma pauperis. [Doc. 15].

## I. BACKGROUND

The pro se incarcerated Plaintiff is a pretrial detainee at the Iredell County Detention Center (ICDC) on charges of kidnapping, assault with a deadly weapon inflicting serious injury, and communicating threats, Case No. 21CRS052963. He filed a letter in the Eastern District of North Carolina that was docketed as a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. The case was transferred to this Court, and the Plaintiff was granted the opportunity to amend. [Docs. 2, 3, 11]. The Amended Complaint

was dismissed on initial review and the Court granted the Plaintiff another opportunity to amend. [Doc. 18]. He did so, and the Second Amended Complaint is now before the Court for initial review. [Doc. 20].

The Plaintiff names as Defendants in their official capacities: the "Iredell County Courts" and the Iredell County Sheriff's Department (ICSO). [Id. at 2]. He appears to claim that his legal mail is being opened and copied at ICDC; that he never received a probable cause hearing in his pending criminal case; and that the Iredell County D.A.'s office is withholding discovery from him. [Id. at 3-5]. As injury, he states "NONE." [Id. at 5]. He seeks damages from the Defendants and from ICDC, and for "these charges [to be] taken off [his] record." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

2

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[1]

The Second Amended Complaint again contains allegations that are directed to entities and individuals who are not named as defendants. [See, e.g., Doc. 20 at 4 (referring to "investigating officers," judges, the D.A.'s office, and his criminal attorney); id. at 5 (referring to Major Morrison Captain Seene, and "deputies/guards," seeking relief from the ICDC)].[2] These

---

[1] The Amended Complaint is written lightly in pencil, making portions of it difficult to read.

[2] Even if the Plaintiff had named these entities and individuals as defendants, the claims against them could not proceed. [See Doc. 18 at 4-5 (on initial review of the Amended Complaint, dismissing claims against Iredell County judges and prosecutors on immunity grounds)]; see also Davis v. McFadden, No. 3:21-CV-00449-MR, 2021 WL 5407855, at *2 (W.D.N.C. Nov. 18, 2021) (a jail is not a "person" subject to suit under § 1983); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient).

3

Case 5:22-cv-00063-MR   Document 24   Filed 11/03/22   Page 3 of 8

allegations are dismissed for the reasons discussed in the Order on initial review of the Amended Complaint. [See Doc. 18 at 4].

The Plaintiff purports to name as a Defendant the Iredell County Courts, which is an arm of the State of North Carolina. See N.C. Gen. Stat. §§ 7A-60 ("The State shall be divided into prosecutorial districts.... There shall be a district attorney for each prosecutorial district...."); 7A-3 (consolidating all courts within North Carolina into unified "General Court of Justice); 7A-4 (the General Court of Justice consists of an appellate division, a superior court division, and a district court division). Neither a State nor its officials acting in the official capacities are "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, civil rights suits against a state, its agencies, and its officials sued in their official capacities for damages are barred absent a waiver by the State or a valid congressional override. Kentucky v. Graham, 473 U.S. 159, 169 (1985). The Iredell County Courts are, therefore, dismissed from this action with prejudice.

The Plaintiff also names ICSO as a Defendant. He claims that "...IREDELL County Sheriff's Department opening and coping [his] legal mail, that could have been forward to the Investigating Officer(s) or D.A.'s Office" [Doc. 20 at 4] (errors uncorrected); that he has proof of dates and

4

times when his legal mail was opened and copied, and such can be pulled up on video surveillance [Doc. 20 at 5]; and that his legal mail is "sitting in the room where the Deputies/ Guards watch [inmates] from, while open, that could have been read, scanned, screenshot, copied, and forward to the investigating officer(s) or D.A.'s office (after [Plaintiff] already [has] proof of [his] legal mail being copied once, that [he has] proof of)" [Doc. 20-1 at 1].

As a general matter, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). "[L]egal mail is widely recognized to be privileged and confidential — even in the context of prisons — which suggests that an incarcerated person's expectation of privacy in his legal mail is one 'that society is prepared to consider reasonable.'" Haze v. Harrison, 961 F.3d 654, 660 (4th Cir. 2020) (quoting United States v. Catellanos, 716 F.3d 828, 832 (4th Cir. 2013)); see King v. Rubenstein, 825 F.3d 206, 215 (4th Cir. 2016) ("nothing in Hudson[3] indicates the Supreme court intended to abrogate a prisoner's expectation of privacy *beyond* his cell."). A prison rule requiring that legal mail be opened in the presence of the inmate, without being read, does not infringe on a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974); see also Turner v. Safley, 482

---

[3] Hudson v. Palmer, 468 U.S. 517 (1984).

5

Case 5:22-cv-00063-MR   Document 24   Filed 11/03/22   Page 5 of 8

U.S. 78, 89 (1987) (prison restrictions impinging on an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests). Further, isolated instances of legal mail mishandling do not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("an isolated incident of mail tampering is usually insufficient to establish a constitutional violation").

To succeed on a claim against a sheriff's office, a plaintiff must allege that a sheriff's office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same).

The Plaintiff's vague, conclusory, and speculative allegations are insufficient to state a plausible claim that the alleged mishandling of his legal mail rose to the level of a constitutional violation, and that such occurred as

a result of an ICSO policy or custom. Accordingly, the claim he asserts against ICSO is dismissed.

Finally, the Plaintiff again seeks the dismissal of his criminal charges. and asks this Court to involve itself in his pending criminal case. [Doc. 20 at 4 (complaining that he was not given a probable cause hearing, and that discovery was withheld); id. at 5 (asking the Court to dismiss his criminal charges)]. The Plaintiff was previously informed that the dismissal of his criminal charges is not available in this § 1983 action, and that the claims pertaining to his pending criminal case appear to be barred by abstention principles. [Doc. 18 at 5-6]. The Plaintiff's present attempt to reassert those claims is rejected.

This action is dismissed without further leave to amend, as the Plaintiff was previously granted to opportunity to amend and is unable to state a claim. See generally United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018) (where a district court has already afforded a plaintiff the opportunity to amend, it has the discretion to afford him another opportunity

to amend, or dismiss the complaint with prejudice); Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020) (same).

Because this case has failed to pass initial review, the Plaintiff's pending Motion is denied as moot.[4]  [Doc. 22].

## IV. CONCLUSION

In sum, the Court dismisses the Second Amended Complaint with prejudice, and denies the pending Motion as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Second Amended Complaint [Doc. 17] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and § 1915A as set forth in this Order.

2. The Plaintiff's Motion [Doc. 22] is **DENIED AS MOOT.**

The Clerk of Court is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: November 3, 2022

Martin Reidinger
Chief United States District Judge

---

[4] The Plaintiff seeks transcripts, documents, and information pertaining to his pending Iredell County criminal case.  The Court notes that the Plaintiff is represented by appointed counsel in his pending criminal case.  The Plaintiff is urged to direct his requests for information and documents concerning that case to his criminal lawyer.